**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4705**

———————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

   v.

VAN WILLIAM SAVAGE, II,

    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00484-CCE-1)

———————————

Submitted: February 18, 2015   Decided: March 9, 2015

———————————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Helen Parsonage, ELLIOT MORGAN PARSONAGE, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Van William Savage, II, pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012). The district court calculated Savage's Sentencing Guidelines range at 151 to 188 months' imprisonment, and Savage requested a below-Guidelines sentence of sixty-three to seventy-eight months. The district court sentenced Savage to 132 months' imprisonment. On appeal, Savage argues that his sentence is greater than necessary to satisfy the goals of sentencing enumerated in 18 U.S.C. § 3553(a)(2012). Finding no procedural or substantive unreasonableness, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error," such as improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) factors, or inadequate explanation of the sentence imposed. Id. at 51. In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of

2

the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a sentence within or below the Guidelines range is substantively reasonable, and this presumption may be rebutted only if the appellant establishes "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014), cert denied, 135 S. Ct. 421 (2014).

We conclude that Savage's sentence is procedurally and substantively reasonable. The district court correctly calculated Savage's Guidelines range and considered that range and the parties' arguments in determining the sentence. Contrary to Savage's contention, the district court did not rely on a clearly erroneous fact in characterizing Savage's repeated conduct as "essentially a second offense." Rather, the transcript reflects that the district court was highlighting the particular circumstances that distinguished Savage from other offenders in order to explain the degree of downward variance it selected.

Savage also claims error because the court did not address or comment on the weight it gave to Savage's past and his rehabilitative efforts. We find this argument unpersuasive. Here, the district court reasonably determined that a sentence

of 132 months, a nineteen-month downward variance from the bottom of the Guidelines range, was appropriate based on the court's thorough, individualized assessment of the facts of Savage's case, the arguments made at the sentencing hearing, and the § 3553(a) factors. That the court did not articulate every § 3553(a) factor or accord the weight to specific factors that Savage desired does not provide a basis for finding the sentence unreasonable. Thus, Savage has not rebutted the presumption of reasonableness accorded his sentence. Based on a totality of the circumstances, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4